■ Edward M. Stephens, M.D., F.A.A.P., Appellant, v Prudential Insurance Company of America et al., Respondents. [717 NYS2d 144] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered June 2, 1999, which dismissed the petition to vacate an arbitration award in favor of respondents, and granted respondents' cross petition to confirm the award, unanimously affirmed, without costs.

The record contains no evidence that petitioner raised in the arbitration proceeding his current claim that termination of his contract violated this State's public policy as set forth in Labor Law § 740. Therefore, this argument does not constitute a ground for challenging the arbitration award (see, Matter of Migdal Plumbing & Heating Corp. [Dakar Developers], 232 AD2d 62, lv denied 91 NY2d 808). Moreover, Labor Law § 740 is not applicable since petitioner was clearly an independent contractor, not respondents' employee.

Public Health Law § 4406-d did not become effective until more than two years after respondents terminated petitioner's contract and petitioner has failed to establish that, at the time of the contract termination, respondents' actions were so violative of public policy as to compel vacatur of the arbitration award (see, Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 157). Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.

■ Kitchen & Bath Creations, Ltd., Appellant, v Guardian Life Insurance Company of America, Respondent. [717 NYS2d 149] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 16, 1999, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant insurer established its prima facie entitlement to judgment in its favor as a matter of law by adducing proof demonstrating that it had never insured the decedent's life, and, indeed, that the decedent would not have been acceptable to it as a standard risk. Therefore, plaintiff, the alleged beneficiary of the policy purportedly issued by defendant insuring the decedent, was required to submit, in opposition to defendant's showing, evidentiary proof, in admissible form, demonstrating the existence of material questions of fact as to whether the alleged coverage existed (see, Zuckerman v City of New York, 49 NY2d 557, 562). This plaintiff failed to do. Therefore, the IAS Court properly granted defendant's motion. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.