■ ALFRED LUI, Appellant, v CHINESE-AMERICAN PLANNING COUNCIL, INC., Respondent, et al., Defendant. [750 NYS2d 750] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 24, 2001, dismissing the complaint in this action for wrongful termination of employment and entitling defendant-respondent Chinese-American Planning Council, Inc. to recover from plaintiff's attorneys $500 in attorneys' fees, and bringing up for review an order, same court and Justice, entered July 20, 2001, which, inter alia, denied plaintiff's request to discontinue the action as against defendant-respondent and granted defendant-respondent's motion pursuant to CPLR 3211 (a) (7) and for sanctions to the extent of directing the relief afforded in the ensuing judgment, unanimously modified, on the law, the facts and in the exercise of discretion, to deny that part of defendant-respondent's motion seeking sanctions and to vacate the award of attorneys' fees, and otherwise affirmed, without costs. Appeal from the order entered July 20, 2001, unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

The motion court properly denied plaintiff's request to discontinue this action against defendant-respondent since plaintiff failed to prove compliance with the requirements for voluntary discontinuance set forth in CPLR 3217 (a), and, moreover, the evident motive for his request, made while defendant-respondent's motion to dismiss was pending, was simply to avoid an adverse decision on the merits (*see Matter of Baltia Air Lines v CIBC Oppenheimer Corp.*, 273 AD2d 55, 57, *lv denied* 95 NY2d 767).

The amended complaint was properly dismissed as against defendant-respondent for failure to state a cause of action because plaintiff, an at-will employee, had no claim for breach of contract by reason of defendant-respondent's termination of his employment (*see O'Connor v Eastman Kodak Co.*, 65 NY2d 724, 725). Plaintiff never alleged that defendant-respondent made him aware of any express written policy limiting its right of discharge, or that he had relied, to his detriment, on such a policy in accepting employment with defendant-respondent (*see*

*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410).

We exercise our discretion to vacate the imposition of sanctions and/or costs pursuant to 22 NYCRR 130-1.1, and modify accordingly. Concur—Nardelli, J.P., Mazzarelli, Buckley and Ellerin, JJ.