■ THOMAS DeSIMONE et al., Appellants, v SUPERTEK, INC., Respondent. [764 NYS2d 846] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated August 12, 2002, as granted that branch of the defendant's motion which was for summary

judgment dismissing the cause of action alleging breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party, for any reason or even for no reason (*see Lobosco v New York Tel. Co. / NYNEX,* 96 NY2d 312, 316; [2001] *Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410 [1995]; *Sabetay v Sterling Drug,* 69 NY2d 329, 333 [1987]; *Riccardi v Cunningham,* 291 AD2d 547, 548 [2002]). The defendant established its prima facie entitlement to judgment as a matter of law by showing that there was no agreement establishing a fixed duration to the plaintiffs' employment. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of contract.

The plaintiffs' remaining contention is without merit. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.