█ Gerald J. Furibondo, Appellant, v Eastman Kodak Company, Respondent. [821 NYS2d 702]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered January 4, 2006. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that

his termination from employment with defendant was in violation of his contractual rights pursuant to a provision of defendant's resolution and support services policy (RSSP) because defendant denied his request for his termination appeal to be determined by a peer/management panel as opposed to a single adjudicator. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. "It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party, for any reason or even for no reason" (*DeSimone v Supertek, Inc.*, 308 AD2d 501, 502 [2003]; *see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]). Defendant met its initial burden by establishing as a matter of law that the at-will presumption is applicable to plaintiff, and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that plaintiff established that the provisions of the RSSP constitute "an express written policy limiting [defendant's] right of discharge," we conclude that he failed to raise the requisite issue of fact whether he "detrimentally relied on that policy in accepting [the] employment" (*Lobosco*, 96 NY2d at 316; *see Maas v Cornell Univ.*, 94 NY2d 87, 93 [1999]; *Matter of LaDuke v Hepburn Med. Ctr.*, 239 AD2d 750, 753-754 [1997], *lv denied* 91 NY2d 802 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.