■ Susan M. Lobel, M.D., Respondent-Appellant, v Maimonides Medical Center et al., Appellants-Respondents. [835 NYS2d 28]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 3, 2006, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motion pursuant to CPLR 3211 (a) (1), (5) and (7) as sought dismissal of plaintiff's third cause of action seeking a declaration that defendants procured plaintiff's execution of a release by misrepresentation, and granted so much of the motion as sought dismissal of that portion of the second cause of action alleging that defendant Maimonides Medical Center improperly terminated plaintiff's hospital privileges, dismissal of the fourth cause of action alleging breach of employment agreements and implied covenants of good faith and fair dealing, and dismissal of the fifth cause of action against defendant Richard V. Grazi alleging tortious interference with existing or prospective contract or business relations, unanimously affirmed, without costs.

Accepting the facts alleged in the complaint as true, and according plaintiff the benefit of every possible favorable infer-

ence (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the court properly denied defendants' motion to dismiss that portion of the third cause of action seeking a declaration that plaintiff was not subject to a release allegedly procured by misrepresentation. A release may be voided on the basis of fraud in the inducement, even when it results from prolonged negotiations by represented parties (*see Blue Chip Emerald v Allied Partners*, 299 AD2d 278 [2002]), and plaintiff's allegations were sufficient to sustain this cause of action.

The court properly determined that the complaint and evidence submitted by plaintiff established her 1996 employment contract was extended only through June 30, 2001. Although plaintiff subsequently entered into an income sharing agreement with defendant Grazi, as well as mutual releases with him and a shareholder agreement, there was no further extension of her employment contract with the hospital. The hospital's letter extending plaintiff's hospital privileges did not constitute an extension of her employment contract (*see Engelstad v Virginia Mun. Hosp.*, 718 F2d 262 [8th Cir 1983]). Nor were the September 3, 2002 letter from Dr. Grazi to his attorney and a later one, dated October 24, 2002, to the hospital's vice-president, upon which plaintiff relies as documentary evidence that her employment contract had been extended to December 2007, sufficient to satisfy the statute of frauds inasmuch as they failed to state all the material terms of a complete agreement, which terms were clearly left to be included in an anticipated restructured contract (*see Goebel v Raeburn*, 289 AD2d 43 [2001]).

Since defendants established that there was no agreement setting forth a fixed duration for plaintiff's continued employment, the court determined that plaintiff was an at-will employee as of July 1, 2001 and properly dismissed her wrongful termination of employment claims (*see DeSimone v Supertek, Inc.*, 308 AD2d 501 [2003]; *see also Lui v Chinese-American Planning Council*, 300 AD2d 80 [2002]). The court also properly dismissed her claim for breach of the implied covenant of good faith and fair dealing on the same grounds (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305 [1983]), as well as her claims for tortious interference with contract and tortious interference with prospective contractual relations, since plaintiff as an at-will employee had no cause of action based on a co-employee's alleged tortious interference with her employment (*see Baker v Guardian Life Ins. Co. of Am.*, 12 AD3d 285 [2004]; *Kosson v "Algaze"*, 203 AD2d 112 [1994], *affd* 84 NY2d 1019 [1995]). Nor, in any case, did plaintiff's allegations concern-

ing statements purportedly defaming her set forth grounds for a tortious interference claim, since it is clear that any motivation on defendant Grazi's part was based on economic self-interest and not for the sole purpose of harming plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182 [2004]).

Finally, the court properly found that plaintiff's claim that defendants terminated her medical staff privileges in violation of Public Health Law article 28 was not properly before it inasmuch as the appropriate recourse for that claim is the grievance procedure set forth in Public Health Law § 2801-b. There is no common-law cause of action based upon a denial of staff privileges by a private hospital; where a cause of action is based upon an allegedly wrongful denial of hospital privileges, the aggrieved physician is limited to injunctive relief under Public Health Law § 2801-c and is barred by section 2801-b from maintaining an action for damages (*Moallem v Jamaica Hosp.*, 264 AD2d 621, 622 [1999]; *see also Mason v Central Suffolk Hosp.*, 305 AD2d 556, 557 [2003], *affd* 3 NY3d 343 [2004]). To the extent plaintiff relies upon *Wasserman v Maimonides Med. Ctr.* (268 AD2d 425 [2000]) and *Chime v Sicuranza* (221 AD2d 401, 402 [1995]) on the ground that she is not seeking reinstatement of her staff privileges but only damages, the Court of Appeals has specifically rejected such rationale. The Court has held that absent a clearly written contract that grants privileges to a doctor for a fixed period of time and agrees not to withdraw those privileges except for specified cause, any claim for damages by the doctor affected is legally insufficient (*Mason v Central Suffolk Hosp.*, *supra*, 3 NY3d at 348-349).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Andrias, J.P., Sullivan, Gonzalez and McGuire, JJ.