■ BEHZAD SALIMI, Appellant, v NEW YORK METHODIST HOSPITAL et al., Respondents. [844 NYS2d 705]—

In an action, inter alia, to recover damages for violation of Labor Law §§ 740 and 741, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 26, 2006, which, among other things, granted that branch of the motion of the defendants New York Methodist Hospital, Dean Martin, Robert Rainer, Jason Halper, Osei Soloman, Mark Mundy, and Gillian S. Hans, which were to dismiss the third cause of action insofar as asserted against them pursuant to CPLR 3211 (a) (1), (5), and (7), and those branches of the separate motion of the defendants Park Slope Anesthesia Associates, P.C., Joseph Schianodicola, Victorya Gerstheyn, and Devasena Manchikalpati, which were to dismiss the third cause of action insofar as asserted against the defendants Joseph Schianodicola, Victorya Gerstheyn, and Devasena Manchikalpati pursuant to CPLR 3211 (a) (1), (5), and (7).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the Supreme Court

properly dismissed the third cause of action based upon viola-
tion of Labor Law §§ 740 and 741 insofar as asserted against all
of the defendants, except Park Slope Anesthesia Associates, P.C.
(hereinafter Park Slope), because the plaintiff had no employee-
employer relationship with any party other than Park Slope (*see*
Labor Law § 740 [1] [a]; § 741 [1] [a]; *Edward M. Stephens,
M.D., F.A.A.P. v Prudential Ins. Co. of Am.*, 278 AD2d 16 [2000]).

The plaintiff's remaining contentions are without merit.
Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.