■ Christina Luiso, Appellant, v Northern Westchester Hospital Center, Respondent. [886 NYS2d 216]—

In an action, inter alia, to recover damages for violation of Labor Law § 741, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 21, 2008, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a registered nurse, worked at the defendant Northern Westchester Hospital Center for approximately 27 years, most of the last two as a comanager of the nursing staff in the operating room. In February 2004 the plaintiff was informed that her performance as a comanager was not satisfactory. In June 2004 she was directed to find a position in the hospital other than in the operating room. The plaintiff found a new position at the hospital with the same salary and benefits, but resigned within a few months. She subsequently commenced this action under the health care employees' "whistleblower" statute (see Labor Law § 741), alleging that she was removed from her position as comanager of the nursing staff in the operating room in retaliation for having complained about certain practices relating to quality of patient care. After discovery was completed, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

Labor Law § 741 (2) (a) prohibits retaliatory action against covered employees who disclose or threaten to disclose a "policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (see Labor Law § 741 [1] [d]; see Reddington v Staten Is. Univ. Hosp., 11 NY3d 80, 92 [2008]; Deshpande v TJH Med. Servs., P.C., 52 AD3d 648, 650 [2008]). " 'Improper quality of patient care' means, with respect to patient care, any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant

to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]). The statute, however, also provides that "it shall be a defense that the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section" (Labor Law § 741 [5]).

In support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law. The defendant established prima facie that the violations alleged by the plaintiff were not protected by the statute because she failed and was unable to cite any "law, rule, regulation or declaratory ruling adopted pursuant to law" (Labor Law § 741 [1] [d]) that she "in good faith, reasonably believe[d]" to have been violated (Labor Law § 741 [2] [a]; see Pipia v Nassau County, 34 AD3d 664, 666 [2006]). In any event, the defendant demonstrated that its decision to transfer the plaintiff out of her management position in the operating room, without any diminution in pay or benefits, was predicated on her performance as a manager, rather than on any complaints she may have made about the quality of care (see Labor Law § 741 [5]). In response, the plaintiff failed to raise a triable issue of fact. Her opposition papers, which contradicted her deposition testimony and handwritten notes, raised only feigned issues of fact and were properly disregarded by the Supreme Court (see Sherman-Schiffman v Costco Wholesale, Inc., 63 AD3d 1031, 1032 [2009]; Hunt v Meyers, 63 AD3d 685, 685-686 [2009]; Hughes-Berg v Mueller, 50 AD3d 856, 858 [2008]). In any event, those submissions acknowledged the plaintiff's refusal to support certain management policies and requests unrelated to the subject of the quality of patient care (see Labor Law § 741 [5]). Fisher, J.P., Balkin, Hall and Austin, JJ., concur.