■ Satish Deshpande, Appellant, v Medisys Health Network, Inc., et al., Respondents. [896 NYS2d 103]—

In an action, inter alia, to recover damages for violation of Labor Law § 741, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated October 6, 2008, as granted the motion of the defendants Medisys Health Network, Inc., Jamaica Hospital Medical Center, David Rosen, Thomas Santucci, Jr., and Richard

Pinsker to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (2) and (7) and to enjoin him from commencing further litigation against them without the permission of the court, and granted that branch of the separate motion of the defendant Accreditation Council on Graduate Medical Education which was to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (2) and (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Medisys Health Network, Inc., Jamaica Hospital Medical Center, David Rosen, Thomas Santucci, Jr., and Richard Pinsker which was to enjoin the plaintiff from commencing further litigation against them without the permission of the court, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff, a physician, alleged that he received a letter terminating him from his salaried position with a subsidiary of Jamaica Hospital Medical Center (hereinafter the Hospital) on or about December 31, 2004. According to the plaintiff, this letter stated that his hospital privileges "to practice as an independent contractor" at the Hospital would not be curtailed, and he continued to provide medical services at the Hospital as an attending physician. Allegedly, the Hospital, Medisys Health Network, Inc., David Rosen, Thomas Santucci, Jr., and Richard Pinsker (hereinafter collectively the Hospital defendants) curtailed the plaintiff's hospital privileges in November 2005 in retaliation for his complaints about improper patient care provided by residents at the Hospital.

The plaintiff commenced this action against the Hospital defendants and Accreditation Council on Graduate Medical Education (hereinafter ACGME), an agency which allegedly accredited the Hospital's internal medicine residency program. Under the first cause of action, he alleged that the Hospital defendants' retaliation violated Labor Law § 741. Under the second cause of action, he alleged that the Hospital defendants "violated New York's common law public policy." Under the third cause of action, he alleged that the Hospital defendants "breached an implied obligation-in-law and good faith and fair dealing." Under the fourth cause of action, he alleged that ACGME breached its duties of proper accreditation and enforcement and was negligent. The plaintiff sought recovery of damages and did not request any injunctive relief.

The Hospital defendants moved to dismiss the complaint

insofar as asserted against them pursuant to CPLR 3211 (a) (2) and (7) and to enjoin the plaintiff from commencing further litigation against them without the permission of the court. ACGME separately moved, inter alia, to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (2) and (7). The Supreme Court granted the motions. We modify.

The Hospital defendants were entitled to dismissal of the first cause of action because the plaintiff failed to state a cause of action for violation of Labor Law § 741. That statute prohibits retaliatory action against covered employees who disclose or threaten to disclose an "activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (Labor Law § 741 [2] [a]; *see Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d 1296, 1297 [2009]). Here, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences (*see Schneider v Hand*, 296 AD2d 454 [2002]), he failed to allege that he was an employee within the meaning of Labor Law § 741 (*see* Labor Law § 741 [1] [a]; *Salimi v New York Methodist Hosp.*, 45 AD3d 559, 559-560 [2007]). Moreover, the plaintiff failed to cite any "law, rule, regulation or declaratory ruling adopted pursuant to law" (Labor Law § 741 [1] [d]) that he, in good faith, reasonably believed had been violated (*see* Labor Law § 741 [2] [a]; *Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d at 1298).

Additionally, the Hospital defendants were entitled to dismissal of the second and third causes of action. No claim to recover damages at common law arises from a hospital's wrongful denial of staff privileges (*see Lobel v Maimonides Med. Ctr.*, 39 AD3d 275, 277 [2007]; *Mason v Central Suffolk Hosp.*, 305 AD2d 556, 557 [2003], *affd* 3 NY3d 343 [2004]; *Moallem v Jamaica Hosp.*, 264 AD2d 621, 622 [1999]; *Farooq v Fillmore Hosp.*, 172 AD2d 1063 [1991]). "[W]here a cause of action is based upon an allegedly wrongful denial of hospital privileges, the aggrieved physician is limited to injunctive relief under Public Health Law § 2801-c and is barred by section 2801-b from maintaining an action for damages" (*Lobel v Maimonides Med. Ctr.*, 39 AD3d at 277; *see Moallem v Jamaica Hosp.*, 264 AD2d at 622).

ACGME was entitled to the dismissal of the fourth cause of action, under which the plaintiff sought to recover damages against ACGME based upon its allegedly negligent accreditation and oversight of the Hospital's internal medicine residency program. "[A] threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Al-

though the plaintiff argues that ACGME owed him a duty of care because he was a third party to an "obvious agreement" between ACGME and the Hospital, the allegations in his complaint failed to establish the existence of any contract between those parties which could give rise to tort liability in favor of a third party (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d at 140).

The Supreme Court should have denied that branch of the Hospital defendants' motion which was to enjoin the plaintiff from commencing further litigation against them without the permission of the court. Public policy generally mandates free access to the courts (*see Matter of Robert v O'Meara*, 28 AD3d 567, 568 [2006]), and the record does not reflect that the plaintiff was abusing the judicial process through vexatious litigation (*cf. Braten v Finkelstein*, 235 AD2d 513, 514 [1997]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.