■ WENDY WEBB-WEBER, Respondent, v COMMUNITY ACTION FOR HUMAN SERVICES, INC., et al., Appellants, et al., Defendants. [951 NYS2d 152]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 1, 2011, which, insofar as appealed from,

denied defendants Community Action for Health Services, Inc.'s and David G. Bond's motion to dismiss the first and second causes of action as against them, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment in favor of said defendants dismissing the complaint as against them.

We accord plaintiff the benefit of every possible favorable inference. Nonetheless, the complaint fails to state a cause of action under Labor Law § 740, since plaintiff does not identify a specific law, rule or regulation that defendants purportedly violated (Labor Law § 740 [2] [a]; *see Connolly v Macklowe Real Estate Co.*, 161 AD2d 520, 522-523 [1st Dept 1990]; *Owitz v Beth Israel Med. Ctr.*, 1 Misc 3d 912[A], 2004 NY Slip Op 50046[U], *3 [Sup Ct, NY County 2004]).

Similarly, the complaint fails to state a cause of action under Labor Law § 741, since it does not cite a "law, rule, regulation or declaratory ruling adopted pursuant to law" that defendants violated (Labor Law § 741 [1] [d]; *see King v New York City Health & Hosps. Corp.*, 85 AD3d 631, 631 [1st Dept 2011], *lv denied* 17 NY3d 712 [2011]; *see Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d 1296, 1298 [2d Dept 2009]). The plaintiff also fails to allege that she was an employee within the meaning of the statute, which defines an employee as a "person who performs health care services" for a health care provider (§ 741 [1] [a]). Plaintiff is a licensed clinical social worker who was chief operating officer of defendant Community Action for Health Services, Inc., when she was terminated in September 2009. She alleges that she "secure[d] prescribed medications," "evaluate[d] the need for and arrange[d] for individual patients' appropriate staffing and treatment," and was "personally involved in ensuring that patients received protective and healthful grooming and other health-related treatment." These allegations establish that plaintiff "merely . . . coordinate[d] with those who [performed health care services]" (*see Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 91 [2008]; *Phillips v Ralph Lauren Ctr. for Cancer Care & Prevention*, 22 Misc 3d 1128[A], 2009 NY Slip Op 50320[U] [Sup Ct, NY County 2009]). Concur—Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.