■ GEORGE GALBRAITH, Respondent-Appellant, v WEST-CHESTER COUNTY HEALTH CARE CORPORATION, Appellant-Respondent. [979 NYS2d 338]—

Since 2005, the plaintiff has worked at the defendant hospital as a perfusionist. In October 2008, the plaintiff was appointed as the defendant's Chief Perfusionist on a probationary basis, to become permanent after one year. On June 17, 2009, the defendant informed the plaintiff that perfusionists would be responsible for operating a rapid infusion device in the operating room during liver transplant surgeries beginning on July 1, 2009. The plaintiff raised concerns with his supervisors about implementing this policy. As of October 1, 2009, the plaintiff's probationary appointment as Chief was terminated, and he was returned to his prior position as a per diem perfusionist.

The plaintiff subsequently commenced this action pursuant to Labor Law § 741, alleging that he was demoted in retaliation for his objections to the rapid infuser policy, which he voiced because he was concerned that it threatened the quality of patient care. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave

to amend the complaint to assert specific references to two regulations, 8 NYCRR 29.1 (b) (10) and 10 NYCRR 58-2.16, which he claimed he reasonably believed the defendant had violated. The plaintiff had previously identified those regulations in response to the defendant's interrogatory regarding the specific regulations the plaintiff believed the defendant violated. The Supreme Court denied the defendant's motion, and also denied that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a violation of 10 NYCRR 58-2.16.

Labor Law § 741 (2) prohibits an employer from taking retaliatory action against an employee because the employee, inter alia, "objects to, or refuses to participate in any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (Labor Law § 741 [2] [b]). " 'Improper quality of patient care' means, with respect to patient care, any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]). It is a defense that "the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section" (Labor Law § 741 [5]).

The Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a violation of 10 NYCRR 58-2.16. Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (see CPLR 3025 [b]; Gomez v State of New York, 106 AD3d 870, 871 [2013]; Natoli v NYC Partnership Hous. Dev. Fund Co., Inc., 103 AD3d 611, 613-614 [2013]). Here, the proposed amendment was not palpably insufficient or patently devoid of merit and would not prejudice or surprise the defendant. Indeed, the defendant did not oppose the amendment. Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's cross motion which sought leave to amend his complaint to assert a violation of 10 NYCRR 58-2.16.

The Supreme Court properly determined that the defendant failed to establish its prima facie entitlement to judgment as a matter of law. Contrary to the defendant's contention, the plaintiff stated a cause of action under Labor Law § 741 (2) by

identifying specific regulations, in the context of this action, which, the plaintiff claimed, he reasonably believed, in good faith, to have been violated (*see Minogue v Good Samaritan Hosp.*, 100 AD3d 64, 70 [2012]; *Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d 1296, 1298 [2009]; *see also* Assembly Rules Comm Mem in Support, Bill Jacket, L 2002, ch 24).

Contrary to the defendant's contention, the defendant failed to establish prima facie that the plaintiff did not, in good faith, reasonably believe that the rapid infuser assignment constituted improper quality of patient care. 10 NYCRR 58-2.16 requires "[e]very institution which performs transfusions" and reinfusion procedures to determine that "attending and other staff members . . . are properly instructed regarding all required procedures" and that "a written policy exists regarding use of . . . specialty [blood] components" (10 NYCRR 58-2.16 [a] [1] [ii], [v]; *see* 10 NYCRR 58-2.1 [a]). The plaintiff alleged that the defendant's requirement that the perfusionists begin operating the rapid infuser by the stated deadline would give them responsibility for the task without adequate training on the device or written policies and procedures guiding their operation of it, and thereby violated the foregoing regulation and endangered patient safety. The defendant's own submissions in support of its motion for summary judgment reflected that the plaintiff voiced these concerns to his supervisors. Further, the evidence submitted by the defendant does not address what training was provided to the perfusionists on the device before they were expected to operate it, or what other guidance may have been in place.

The defendant also failed to demonstrate that the plaintiff is not an employee protected by Labor Law § 741. In light of the plaintiff's duties outlined in the job descriptions submitted by the defendant, triable issues of fact remained as to whether the plaintiff was "qualified by virtue of training and/or experience to make knowledgeable judgments as to the quality of patient care," or required in his position to make such judgments (*Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 93 [2008]; *cf. Webb-Weber v Community Action for Human Servs., Inc.*, 98 AD3d 923, 924 [2012], *lv granted* 20 NY3d 855 [2013]).

Finally, the defendant failed to establish prima facie that its decision to demote the plaintiff was predicated on his performance as the Chief Perfusionist, rather than on his complaints about the alleged improper quality of patient care (*cf. Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d at 1298). Notably, the defendant's submissions contained no details concerning the cited deficiencies in the plaintiff's performance in that role, or

any evidence of negative reviews, reprimands, or other performance problems during the plaintiff's employment.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.