■ LILI HUTCHISON, Appellant, v KINGS COUNTY HOSPITAL CENTER, Respondent. [32 NYS3d 210]—

In an action, inter alia, to recover damages for violations of Labor Law § 741, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 28, 2014, as, in effect, converted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment

dismissing the amended complaint and thereupon granted the motion.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof deeming the defendant's motion to be one for summary judgment and, in effect, converting the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint into a motion for summary judgment dismissing the amended complaint, and (2) by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the cause of action in the amended complaint pursuant to Labor Law § 741 insofar as it alleges retaliatory acts that were alleged to have occurred on or after November 17, 2012, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Since 1990, the plaintiff has been employed by Kings County Hospital Center (hereinafter the defendant) as a laboratory associate. Her duties included performing diagnostic testing on patient specimens, reporting these test results, and maintaining related documents. The plaintiff alleged that she started making complaints in connection with deficiencies in the defendant's hiring of laboratory staff, and the defendant's laboratory procedures, on June 3, 2002, and that ever since she started making complaints, the defendant has subjected her to specific retaliatory acts and harassment. According to the parties, the plaintiff served a notice of claim on the defendant on February 15, 2013, and an amended notice of claim on March 21, 2013.

The plaintiff subsequently commenced this action, inter alia, to recover damages for violations of Labor Law § 740, alleging that she was subjected to retaliation by the defendant for whistleblowing activities that she alleged she initiated due to her concern for patient safety. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) on the grounds that the notice of claim was not timely filed, the complaint was barred by the statute of limitations, and the complaint failed to state a cause of action. In support of its motion, the defendant submitted a copy of the complaint, excerpts from a collective bargaining agreement, and an affirmation of counsel which contended that the excerpts were from the collective bargaining agreement between the defendant and the plaintiff's union. The plaintiff opposed the motion and cross-moved for leave to amend the complaint, seeking to withdraw her cause of action pursuant to Labor Law § 740 and replace it with a cause of action pursuant to, inter alia, Labor Law § 741,

and to substitute the New York City Health and Hospitals Corporation (hereinafter HHC) as the defendant in lieu of Kings County Hospital Center. In the order appealed from, the Supreme Court granted the plaintiff's motion for leave to amend the complaint, treated the defendant's motion as being a motion by HHC, in effect, for summary judgment dismissing the amended complaint, and thereupon granted the motion.

Although the plaintiff conceded that she did not file a timely notice of claim as to the retaliatory acts that she alleged occurred before November 17, 2012, the 90th day before the notice of claim was served on February 15, 2013, the Supreme Court erred in dismissing, on the ground that the plaintiff had not filed a timely notice of claim, so much of the cause of action pursuant to Labor Law § 741 as alleged retaliatory acts that were alleged to have occurred within the 90 days preceding the service of the notice of claim (*see Thomas v City of Oneonta*, 90 AD3d 1135 [2011]). The plaintiff's February 15, 2013, notice of claim was timely as to so much of the plaintiff's cause of action as alleged retaliatory acts that occurred on or after November 17, 2012 (*see Matter of Bush v City of New York*, 76 AD3d 628, 628 [2010]; *see e.g. Thomas v City of Oneonta*, 90 AD3d 1135 [2011]).

The Supreme Court also erred in treating the motion to dismiss pursuant to, inter alia, CPLR 3211 (a) (7) as a motion for summary judgment (*see* CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d 1180, 1183 [2010]), as no notice was provided to the parties and "the parties did not make it 'unequivocally clear' that they were 'laying bare their proof' and 'deliberately charting a summary judgment course'" (*Sokol v Leader*, 74 AD3d at 1183, quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]).

In considering that branch of the motion which was to dismiss pursuant to CPLR 3211 (a) (7), the court must " 'accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sokol v Leader*, 74 AD3d at 1181, quoting *Nonnon v City of New York*, 9 NY3d 825, 827 [2007] [internal quotation marks omitted]). Although a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), here, the evidentiary material submitted was the plaintiff's original complaint, which had been amended, and a collective bargaining agreement which was neither relevant to the issues in dispute, nor referred to by the Supreme Court in deciding the motion (*cf.*

*Sokol v Leader*, 74 AD3d at 1181-1182). Moreover, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied " 'unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Labor Law § 741 (2) prohibits an employer from taking retaliatory action against an employee because the employee objects to "any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (Labor Law § 741 [2] [b]; *see* [2] [a]). " 'Improper quality of patient care' means, with respect to patient care, any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1] [d]).

Here, the retaliatory acts alleged by the plaintiff that were alleged to have occurred on or after November 17, 2012, adequately pleaded a cause of action pursuant to Labor Law § 741, as the complaint alleged all of the necessary elements for a cause of action pursuant to that statute. The plaintiff contended that she falls within the scope of the definition of persons protected by the statute (*see Galbraith v Westchester County Health Care Corp.*, 113 AD3d 649 [2014]) and triable issues of fact exist as to whether the plaintiff was " 'qualified by virtue of training and/or experience to make knowledgeable judgments as to the quality of patient care,' " or required in her position to make such judgments (*id.* at 651, quoting *Reddington v Staten Is. Univ. Hosp.*, 11 NY3d 80, 93 [2008]).

In addition, "for pleading purposes [for a Labor Law § 741 cause of action], the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 453 [2014]). In her amended complaint, the plaintiff identified, with specificity, the particular activities, policies, or practices in which the defendant allegedly engaged, which may have presented "a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient"

(Labor Law § 741 [1] [d]; *see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d at 453).

The defendant's remaining contentions are without merit (*see Dobson v Loos*, 277 AD2d 1013, 1013 [2000]). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.