■ DOROTA VON MAACK, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER, Respondent. [37 NYS3d 126]—

In an action to recover damages for violation of Labor Law § 741, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 13, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

The plaintiff was employed by the defendant as a staff registered pharmacist from November 15, 2004, until her employment was terminated on August 11, 2011. The plaintiff's union challenged the termination, and the matter was heard in an arbitration proceeding. The arbitrator determined that the termination, which had occurred after a "sequence of uncooperative behavior," was for just cause based on an incident in which the plaintiff refused to accept a delivery of medication.

The plaintiff commenced this action to recover damages for violation of Labor Law § 741, contending that the defendant retaliated against her for objecting to hazardous and unsanitary conditions in the pharmacy. The defendant moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a). The Supreme Court concluded that the action was precluded by the arbitration award under the doctrine of collateral estoppel and, in any event, that the plaintiff had failed to state a cause of action pursuant to Labor Law § 741. Accordingly, the court granted that branch of the defendant's motion.

Under the doctrine of collateral estoppel, a party may not relitigate " 'in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same' " (*Chiara v Town of New Castle*, 61 AD3d 915, 916 [2009], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). However, "[c]ollateral estoppel applies only if '(1) the issue sought to be precluded is identical to a material issue necessarily decided by the [prior tribunal] in a prior proceeding; and (2) there was a full and fair opportunity to contest this issue in [that] tribunal' " (*Chiara v Town of New Castle*, 61 AD3d at 916, quoting *Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). "[C]ollateral estoppel effect will only be given to matters 'actually litigated and determined' " in a prior proceeding (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985], quoting Restatement [Second] of Judgments § 27; *see DiLauria v Town of Harrison*, 32 AD3d 490, 491 [2006]). Because the issue of retaliation raised by the plaintiff in this action was not actually litigated in the arbitration proceeding, the plaintiff cannot be collaterally estopped from litigating that issue in this action (*see Caban v New York Methodist Hosp.*, 119 AD3d 717, 718 [2014]; *Chiara v Town of New Castle*, 61 AD3d at 916; *DiLauria v Town of Harrison*, 32 AD3d at 491).

"In deciding a motion to dismiss a complaint pursuant to

CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc.*, 139 AD3d 665, 666 [2016]; *see Hutchison v Kings County Hosp. Ctr.*, 139 AD3d 673 [2016]; *Minogue v Good Samaritan Hosp.*, 100 AD3d 64, 69 [2012]).

Labor Law § 741 (2) provides that "no employer shall take retaliatory action against any employee because the employee . . . discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care" (Labor Law § 741 [2] [a]). The statute defines "employee" as "any person who performs health care services for and under the control and direction of any public or private employer which provides health care services for wages or other remuneration" (Labor Law § 741 [1] [a]). Here, the plaintiff sufficiently pleaded that she was an "employee" as defined by Labor Law § 741 by alleging that she was responsible for "compounding medications, compounding chemotherapy and consulting with physicians, nurses and patients" (*see Galbraith v Westchester County Health Care Corp.*, 113 AD3d 649, 651 [2014]).

Moreover, "for pleading purposes [for a Labor Law § 741 cause of action], the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 453 [2014]; *see Hutchison v Kings County Hosp. Ctr.*, 139 AD3d 673 [2016]). Here, the plaintiff sufficiently identified the activities, policies, and practices in which the defendant allegedly engaged and which may have presented "a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741 [1]; *see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d at 453; *Hutchison v Kings County Hosp. Ctr.*, 139 AD3d 673 [2016]; *Galbraith v Westchester County Health Care Corp.*, 113 AD3d at 651; *Minogue v Good Samaritan Hosp.*, 100 AD3d at 71).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint.

To the extent that the plaintiff raises contentions regarding the merits of her cause of action, these contentions involve disputed factual issues that are not properly resolved on a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). The plaintiff's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.