Von Maack v Wyckoff Hgts. Med. Ctr. (2021 NY Slip Op 03628)





Von Maack v Wyckoff Hgts. Med. Ctr.


2021 NY Slip Op 03628


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-05160
2019-09836
 (Index No. 504150/13)

[*1]Dorota Von Maack, appellant, 
v
Wyckoff Heights Medical Center, respondent. Dorota Von Maack, Ridgewood, NY, appellant pro se.


Kelley Drye Warren LLP, New York, NY (Barbara E. Hoey and Damon W. Suden of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for violation of Labor Law § 741, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated April 1, 2019, and (2) an order of the same court dated June 21, 2019. The order dated April 1, 2019, insofar as appealed from, conditionally granted those branches of the defendant's two separate cross motions and separate motion which were pursuant to CPLR 3126 to dismiss the complaint, denied the plaintiff's motion for recusal, and denied the plaintiff's separate motion, in effect, for summary judgment on the complaint. The order dated June 21, 2019, in effect, granted those branches of the defendant's prior separate cross motions and separate motion which were pursuant to CPLR 3126 to dismiss the complaint, and directed dismissal of the complaint.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff was employed by the defendant as a staff registered pharmacist from November 15, 2004, until her employment was terminated on August 11, 2011. In July 2013, the plaintiff commenced this action to recover damages for violation of Labor Law § 741, contending that the defendant retaliated against her for objecting to hazardous and unsanitary conditions in the pharmacy. On a prior appeal, this Court reversed so much of an order of the Supreme Court dated March 13, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint (see Von Maack v Wyckoff Hgts. Med. Ctr., 140 AD3d 1055).
Thereafter, the defendant served its answer to the complaint and a notice of deposition (see CPLR 3211[f]; 3214[b]). On October 19, 2017, the plaintiff, proceeding pro se, appeared for her deposition, but refused to answer questions on the ground that she "won in Appellate Court, Second Division, and [the defendant] lost." Following numerous court appearances and several compliance conference orders, the Supreme Court, in an order dated June 6, 2018, directed the plaintiff to appear for a continued examination on June 26, 2018, and to answer all questions, including but not limited to questions concerning her Labor Law § 741 claim. The plaintiff appeared for her continued deposition but the deposition was terminated after the plaintiff refused to answer all questions relating to her claim.
In an order dated April 1, 2019, the Supreme Court, upon a finding that the plaintiff's conduct was willful and contumacious, conditionally granted those branches of the defendant's two separate cross motions and separate motion which were pursuant to CPLR 3126 to dismiss the complaint, unless the plaintiff appeared for a deposition and answered all questions relating to her Labor Law § 741 cause of action within 60 days of service of a copy of the order with notice of entry. Additionally, the court denied the plaintiff's motion for recusal and denied the plaintiff's separate motion, in effect, for summary judgment on the complaint. A copy of the order with notice of entry was served upon the plaintiff.
Thereafter, the defendant's counsel sent letters to the plaintiff on three separate occasions requesting to schedule the continued deposition, but the plaintiff did not respond to the requests. In an order dated June 21, 2019, the Supreme Court, in effect, granted those branches of the defendant's two separate cross motions and separate motion which were pursuant to CPLR 3126 to dismiss the complaint, and directed dismissal of the complaint.
CPLR 3126(3) provides, in relevant part, that "[i]f any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just, among them[,] . . . an order . . . dismissing the action or any part thereof." "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Williams v Suttle, 168 AD3d 792, 793; see Pastore v Utilimaster Corp., 165 AD3d 685, 686). "The drastic remedy of dismissing a complaint for a plaintiff's failure to comply with court-ordered discovery is warranted where a party's conduct is shown to be willful and contumacious" (Williams v Suttle, 168 AD3d at 793). "The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time" (id.; see Bouri v Jackson, 177 AD3d 947, 949).
Here, the willful and contumacious character of the plaintiff's conduct can be inferred from her repeated failures to comply with court-ordered discovery, for which the plaintiff did not offer adequate explanation (see Bouri v Jackson, 177 AD3d at 949; Pastore v Utilimaster Corp., 165 AD3d at 687; Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co., 97 AD2d 462). Contrary to the plaintiff's contention, the questions at issue were designed to elicit information which was material and necessary to the defendant's defense of this action (see CPLR 3101[a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407; Yoshida v Hsueh-Chih Chin, 111 AD3d 704, 706; Parker v Ollivierre, 60 AD3d 1023, 1024), and her objections were not otherwise authorized by 22 NYCRR 221.2. Accordingly, the Supreme Court providently exercised its discretion in conditionally directing dismissal of the complaint (see Williams v Suttle, 168 AD3d at 792).
Further, where, as here, a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute (see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 841; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791, 792; Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co., 97 AD2d 462). To be relieved of the adverse impact of the conditional order, the plaintiff was required to demonstrate a reasonable excuse and a potentially meritorious cause of action (see Goldberg v Breth, 189 AD3d 1368, 1370; Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 653). The plaintiff failed to do so. Consequently, the Supreme Court providently exercised its discretion in directing dismissal of the complaint (see Williams v Suttle, 168 AD3d at 794; Gutman v A to Z Holding Corp., 91 AD3d 718, 719).
The Supreme Court providently exercised its discretion in denying the plaintiff's motion for recusal (see Levine v North Shore Long Is. Jewish Healthcare Sys., Inc., 163 AD3d 644, 645; Delva v New York City Tr. Auth., 123 AD3d 653, 654).
The plaintiff's argument in support of her motion, in effect, for summary judgment on the complaint, that the decision and order of this Court on the prior appeal constituted a [*2]determination on the merits, is without merit (cf. Von Maack v Wyckoff Hgts. Med. Ctr., 140 AD3d at 1058). As the plaintiff failed to tender sufficient evidence demonstrating the absence of any material issues of fact (see CPLR 3212; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), her motion was properly denied.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court