Spetner v Dan (2022 NY Slip Op 03020)





Spetner v Dan


2022 NY Slip Op 03020


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO RIVERA
WILLIAM G. FORD, JJ.


2020-05792
 (Index No. 513440/15)

[*1]Abraham Spetner, et al., appellants,
v
Avi Dan, et al., respondents. Jonathan E. Neuman, Fresh Meadows, NY, for appellants.


Carmel, Milazzo & Feil LLP, New York, NY (Michael D. Nacht of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 6, 2020. The order, insofar as appealed from, denied the plaintiffs' motion to strike the defendants' answer and granted the defendants' cross motion to extend their time to comply with a conditional order of the same court (Sylvia G. Ash, J.) dated February 27, 2019.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2015, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for fraud and breach of contract. In an order dated September 18, 2018 (hereinafter the first conditional order), the Supreme Court directed the defendants to respond in good faith to the plaintiffs' outstanding discovery demands and produce documents responsive thereto. The first conditional order also stated that the court would determine at the next discovery conference whether the defendants had complied with this order and whether the defendants' answer should be stricken as a penalty for noncompliance.
In November 2018, the defendants moved, inter alia, to vacate the first conditional order, and the plaintiffs cross-moved, among other things, to strike the defendants' answer. In an order dated February 27, 2019 (hereinafter the second conditional order), the Supreme Court, inter alia, in effect, denied that branch of the defendants' motion, in effect, denied that branch of the plaintiffs' cross motion, directed the defendants to produce good-faith responses to the plaintiffs' discovery demands within 120 days, and stated that, if the court determined that the defendants failed to do so, the defendants' answer would be deemed stricken. The defendants appealed from the second conditional order (see Spetner v Dan, ____ AD3d ____ [Appellate Division Docket No. 2019-05571; decided herewith]).
On June 26, 2019, this Court temporarily stayed enforcement of the second conditional order, pending the hearing and determination of the defendants' motion in this Court to stay the enforcement of that order. In a decision and order on motion dated July 31, 2019, this Court denied the defendants' motion to stay enforcement of the second conditional order.
On August 8, 2019, the defendants served written responses and objections to the plaintiffs' second set of discovery demands. The plaintiffs thereafter moved to strike the defendants' answer. The defendants cross-moved to extend their time to comply with the second conditional order. The Supreme Court denied the plaintiffs' motion, granted the defendants' cross motion, and [*2]directed the defendants, inter alia, to serve copies of any electronically stored documents upon the plaintiff within 20 days. The plaintiffs appeal.
Where "a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 771). "To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious defense" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d at 771).
The Supreme Court providently exercised its discretion in granting the defendants' cross motion to extend their time to comply with the second conditional order, and, thus, in effect, relieving them of the adverse impact of the second conditional order. The defendants provided a detailed and credible explanation that their approximately eight-day delay in complying with the second conditional order resulted from their counsel's lack of awareness that this Court had issued the decision and order on motion dated July 31, 2019, which effectively lifted the stay of the second conditional order (see Federal Natl. v Williams, 187 AD3d 991, 991; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; Liese v Hennessey, 164 AD3d 1318, 1319; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392). Moreover, the record demonstrates that the defendants' default was not willful, as the defendants' counsel attested in an affirmation in support of their cross motion to extend their time to comply with the second conditional order that he immediately complied with the second conditional order upon learning of this Court's decision and order on motion dated July 31, 2019. Finally, the defendants set forth potentially meritorious defenses to the plaintiffs' causes of action (see Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d at 859; Liese v Hennessey, 164 AD3d at 1319; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d at 1286).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court