Farrell v Keldiyarov (2025 NY Slip Op 00428)

Farrell v Keldiyarov

2025 NY Slip Op 00428

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-01578
 (Index No. 395/19)

[*1]Lauren Farrell, appellant, 
v
Sirojiddin Keldiyarov, respondent, et al., defendant.

Lauren Farrell, Orange, California, appellant pro se.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 10, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendant Sirojiddin Keldiyarov.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On or about March 7, 2018, the plaintiff allegedly was injured when she was walking in a crosswalk and was struck by a vehicle operated by the defendant Sirojiddin Keldiyarov. Thereafter, the plaintiff commenced this action against Keldiyarov and another defendant to recover damages for personal injuries. In March 2022, the plaintiff served various discovery demands on the defendants. Those discovery demands were later the subject of several motions by the plaintiff seeking sanctions against the defendants for failing to adequately respond.
Thereafter, on December 22, 2022, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike Keldiyarov's answer based upon Keldiyarov's alleged continuing failure to adequately respond to the plaintiff's discovery demands, which, according to the plaintiff, was in contravention of several court orders. In an order dated January 10, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to strike Keldiyarov's answer. The plaintiff appeals.
"If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845, 847; see Bouri v Jackson, 177 AD3d 947, 949).
"Before a court invokes the drastic remedies of striking a pleading or precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious" (Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, [*2]172 AD3d at 847 [citations omitted]; see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 770). "The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time" (Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d at 770-771 [citations and internal quotation marks omitted]).
Here, the plaintiff failed to sufficiently demonstrate willful or contumacious conduct on the part of Keldiyarov (see Candela v Kantor, 154 AD3d 733, 734; Kanic Realty Assoc., Inc. v Suffolk County Water Auth., 130 AD3d 876, 877). Under the circumstances, the drastic remedy of striking a pleading was not appropriate (see Ye Wu v Xiao Qing Li, 173 AD3d 1124, 1125; Campbell v New York City Tr. Auth., 109 AD3d 455, 456). Moreover, no other remedy was warranted.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike Keldiyarov's answer.
Keldiyarov's remaining contentions are without merit.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court