■ HILDA CONNOLLY, Respondent, v HARRY MACKLOWE REAL ESTATE COMPANY, INC., Appellant.—Order of the Su-

preme Court, New York County (Harold Baer, Jr., J.), entered on or about May 19, 1989, which, *inter alia*, denied defendant's motion pursuant to CPLR 3211 to dismiss the first cause of action, is unanimously reversed on the law, the motion to dismiss the first cause of action is granted and that portion of the court's disposition as to the second cause of action is dismissed as moot, without costs or disbursements.

Plaintiff Hilda Connolly was hired as an at-will employee by Joseph Schwartz, building manager and superintendent of an apartment building in Manhattan. Both Schwartz and plaintiff, who was retained as the former's secretary, were employed by defendant Harry Macklowe Real Estate Company, Inc. Connolly was purportedly given such secretarial responsibilities as answering telephones, filing, typing, payroll functions and handling purchase orders, requisitions and invoices. Defendant contends that her job performance was deficient in many significant respects, ultimately resulting in her termination, and the instant action ensued. In that regard, plaintiff alleges in her first cause of action, which is the only claim before us here, that defendant was in violation of Labor Law § 740 by purportedly discharging her in retaliation for endeavoring to disclose certain illegal and unsafe activities of Schwartz and Roberta Ambrosio, property manager for the subject building and Schwartz's immediate supervisor. Specifically plaintiff asserts that:

"Throughout 1988, and until November 7th, Mr. Schwartz subjected plaintiff and others to continuing physical and verbal abuse, including but not limited to throwing physicals *[sic]* object *[sic]* and otherwise committing assaults, and harassing her and others in the performance of their duties, all in violation of law, and endangering public health and safety.

"Thereafter, in or about November 1988 plaintiff advised defendant Schwartz as well as Roberta Ambrosio the on site manager of 420 East 54th Street, Manhattan that she intended to disclose to the supervisor in the general office of defendant Macklowe the aforesaid illegal *[sic]* of the unsafe activities of defendant Schwartz.

"In retaliation therefor, and for no other just cause, plaintiff was discharged from her employment on November 7, 1988."

It should be noted that in her affidavit in opposition to defendant's motion to dismiss the complaint pursuant to CPLR 3211, plaintiff disputes defendant's account of her supposedly unsatisfactory job performance, stating that "I was

not fired because I could not or would not perform my work, or because I accused Mr. Schwartz of receiving bottles of wine (which in fact I never said), but rather because I tried to call to the attention of the central office the danger of such an erratically violent person coming into regular contact with tenants and other members of the public." Thus, even accepting as true all of plaintiff's assertions, the first cause of action amounts to an allegation that she was fired for attempting to warn management that Schwartz's temper and other erratic behavior constitute a danger to the tenants in the building and other members of the public.

The law is settled that an employer has the right to terminate employment at will at any time except where such discharge violates constitutional or statutory prohibitions or where that right is limited by the existence of an employment contract or a collective bargaining agreement benefiting such employee *(see, O'Connor v Eastman Kodak Co.,* 65 NY2d 724; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Consequently, the sole issue involved herein is whether the first cause of action sets forth a viable claim under section 740 of the Labor Law, which prohibits an employer from taking retaliatory action against an employee who, in relevant part, "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740 [2] [a]). In *Remba v Federation Employment & Guidance Serv.* (149 AD2d 131, 134), this court, in construing the so-called "Whistleblower" law, explained that "not every disclosure, or threat of disclosure, by an employee of a practice in violation of a law, rule or regulation is protected by Labor Law § 740. The Legislature specifically provided that the statute's protection extends only to those violations which create and present a 'substantial and specific danger to the public health or safety' ". Accordingly, in order to maintain a claim pursuant to Labor Law § 740, a party must establish a violation of a law, rule or regulation, which violation must be actual and not merely possible *(Remba v Federation Employment & Guidance Serv., supra,* at 135), and that the lack of compliance presents a substantial and specific danger to the public health or safety.

Plaintiff herein, by failing to state which law, rule or regulation Schwartz and/or Ambrosio purportedly violated, has not asserted a valid cause of action under section 740 of

the Labor Law. Moreover, her claim is also defective for another reason. It is not sufficient to allege in a conclusory manner that Schwartz is capable of "erratically violent" behavior and, therefore, poses a danger to tenants in the building and to other members of the public. The pleading must describe how the supposedly illegal activities in question (which conduct must be contrary to law, rule or regulation) imperil the health or safety of the public. Consequently, even assuming the accuracy of plaintiff's factual contentions (although, in reality, her account is controverted in significant detail by defendant), she still has failed to demonstrate the requisite elements for a claim under section 740 of the Labor Law. Defendant is, thus, entitled to dismissal of the first cause of action. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.