[15 NE3d 1172, 992 NYS2d 163]

WENDY WEBB-WEBER, Appellant, v COMMUNITY ACTION FOR HUMAN SERVICES, INC., et al., Respondents, et al., Defendants.

Argued March 27, 2014; decided May 13, 2014

## POINTS OF COUNSEL

*Bergstein & Ullrich, LLP*, Chester (*Stephen Bergstein* of counsel), for appellant. I. Defendants have had fair notice of plaintiff's claim that she was terminated for speaking out on health, safety and fraud violations. (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18; *Rich v Lefkovits*, 56 NY2d 276; *Foley v D'Agostino*, 21 AD2d 60; *Feinberg v Bache Halsey Stuart*, 61 AD2d 135; *Dulberg v Mock*, 1 NY2d 54; *Matter of Miller v Board of Assessors*, 91 NY2d 82; *Matter of People v Horvath*, 205 AD2d 927; *Vig v New York Hairspray Co., L.P.*, 67 AD3d 140; *Condon v Associated Hosp. Serv.*, 287 NY 411; *Cammarota v Drake*, 285 AD2d 919.) II. Plaintiff's memorandum of law in opposition to the motion to dismiss cites the rules and regulations that she claims defendants violated. (*Lederman v McLean Trucking Co.*, 41 AD2d 5.) III. Even if this Court holds that the complaint must expressly cite the laws and regulations, defendants have not suffered the prejudice of any substantial right. (*DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236; *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18; *Foley v D'Agostino*, 21 AD2d 60; *Catli v Lindenman*, 40 AD2d 714; *Pernet v Peabody Eng'g Corp.*, 20 AD2d 781.)

*Bond, Schoeneck & King, PLLC*, New York City (*Dennis A. Lalli* and *Allison M. Zullo* of counsel), for respondents. The Labor Law § 740 cause of action was properly dismissed for failure to state a cause of action because the complaint does not plead the material elements of plaintiff's claim. (*Iannone v Cayuga Constr. Corp.*, 66 AD2d 745; *Peri v State of New York*, 66 AD2d 949, 48 NY2d 734; *Shapolsky v Shapolsky*, 22 AD2d 91;

*Megna v Becton Dickinson & Co.*, 215 AD2d 542; *Flamingo Tele-film Sales v United Artists Corp.*, 22 AD2d 778; *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276; *Bordell v General Elec. Co.*, 208 AD2d 219, 88 NY2d 869; *Remba v Federation Empl. & Guidance Serv.*, 149 AD2d 131, 76 NY2d 801; *Cotrone v Consolidated Edison Co. of N.Y., Inc.*, 50 AD3d 354; *Cohen v Hunter Coll.*, 80 AD3d 452.)

## OPINION OF THE COURT

Pigott, J.

Labor Law § 740 (2), commonly referred to as the "whistle-blower statute," provides, in relevant part, that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation" that either "creates and presents a substantial and specific danger to the public health or safety, or . . . constitutes health care fraud" (Labor Law § 740 [2] [a]). The narrow issue on this appeal is whether a complaint asserting a claim under that provision must identify the specific "law, rule or regulation" allegedly violated by the employer. We conclude that there is no such requirement.

Plaintiff was the chief operating officer for defendant Community Action for Human Services, Inc. (Community Action), a not-for-profit corporation that provides social services to the mentally and physically disabled and is subject to oversight by the New York State Office for People with Developmental Disabilities (formerly the Office of Mental Retardation and Developmental Disabilities [OMRDD]). Plaintiff reported to Community Action's chief executive officer, defendant David Bond.

After plaintiff was terminated from her position in September 2009, she commenced suit against, among others,[1] both Community Action and Bond (hereinafter, defendants), claiming that she had been terminated in violation of Labor Law § 740 for registering complaints with public agencies concerning policies and practices of Community Action.[2]

---

1. The complaint against Community Action's Board of Directors and Paige Bond has been dismissed and they are not parties to this appeal.

2. Plaintiff also brought a claim pursuant to Labor Law § 741 that was eventually dismissed by the Appellate Division, but she has abandoned that claim on this appeal and asks for reinstatement of only the section 740 claim.

Defendants moved pursuant to CPLR 3211 to dismiss the complaint for failure to state a cause of action, asserting, as relevant here, that the complaint was deficient because it failed to identify the particular "law, rule or regulation" defendants are claimed to have violated. Plaintiff cross-moved for leave to serve an amended verified complaint. Supreme Court granted plaintiff's cross motion,[3] and partially granted defendants' motion to dismiss, leaving intact plaintiff's Labor Law § 740 claim (2011 NY Slip Op 34087[U] [2011]). The Appellate Division reversed and dismissed the section 740 claim, holding that the complaint did not state a cause of action because it failed to "identify a specific law, rule or regulation that defendants purportedly violated" (98 AD3d 923, 924 [1st Dept 2012] [citations omitted]). This Court granted plaintiff leave to appeal (20 NY3d 855 [2013]) and we now reverse.

The plain language of Labor Law § 740 (2) (a) does not impose any requirement that a plaintiff identify the specific "law, rule or regulation" violated as part of a section 740 claim. Subdivision (2) (a) prohibits an employer from taking retaliatory personnel action against an employee because she either discloses or threatens to disclose the employer's "activity, policy or practice." The reasonable interpretation is that, in order to recover under a section 740 claim, plaintiff must show that she reported or threatened to report the employer's "activity, policy or practice," but need not claim that she cited any particular "law, rule or regulation" at that time. As one commentator has observed, "[m]erely the *practice*—not the legal basis for finding it to be a violation—appears to be what must be reported" (Richard A. Givens, Practice Commentaries, McKinney's Cons Laws of NY, Book 30, Labor Law § 740 at 549 [1988 ed]). Plaintiff reasons that, just as an employee need not cite the actual law, rule or regulation violated when the complaint is made, her pleading is, correspondingly, not required to identify the "law, rule or regulation" violated. We agree.

To be sure, in order to *recover* under a Labor Law § 740 theory, the plaintiff has the burden of proving that an actual violation occurred, as opposed to merely establishing that the plaintiff possessed a reasonable belief that a violation occurred (*Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996] [dismiss-

---

3. In light of plaintiff's cross motion, Supreme Court had given defendants an opportunity to submit an additional brief in support of their motion to dismiss, but defendants opted to rely on their original submission.

ing section 740 claim on summary judgment where the plaintiff conceded that the employer did not violate any law, rule or regulation]). And, the violation must be of the kind that "creates a substantial and specific danger to the public health or safety" (*Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802 [1990] [internal quotation marks omitted]). However, for pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct. To the extent that Appellate Division authority can be read as requiring a plaintiff to plead the actual law, rule or regulation the employer violated, it should no longer be followed for that proposition (*see Deshpande v TJH Med. Servs., P.C.*, 52 AD3d 648, 650 [2d Dept 2008], *lv denied* 12 NY3d 704 [2009]; *Blumenreich v North Shore Health Sys.*, 287 AD2d 529, 530 [2d Dept 2001]; *Connolly v Macklowe Real Estate Co.*, 161 AD2d 520, 522-523 [1st Dept 1990]).

According to the amended verified complaint, plaintiff apprised Bond and other Community Action representatives about issues she claims endangered the welfare and safety of Community Action patients. Specifically, plaintiff registered complaints about the falsification of patient medication and treatment records, inadequate fire safety, mistreatment of Community Action residents, and deficiencies in patient care and in the facility itself. When those conditions continued unabated, plaintiff notified the OMRDD and the New York City Fire Department. The OMRDD conducted a survey of the Community Action premises and issued a "60-Day Order"; when a follow-up survey indicated that the violations had not been remedied, Community Action was placed under sanctions by the New York State Department of Health. Moreover, the New York City Fire Department issued three violations against defendants.

Affording plaintiff's complaint a liberal construction, as we must on a motion to dismiss, and giving the plaintiff's allegations every favorable inference, we conclude that the complaint is sufficient to state a cause of action under section 740 (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The substantive allegations in the complaint, particularly those that assert that sanctions and violations were issued by public bodies, allegedly as a result of plaintiff's complaints, sufficiently

support plaintiff's allegation that defendants violated various laws, rules or regulations. Moreover, defendants can request in a bill of particulars that plaintiff identify the particular laws, rules and regulations allegedly violated.

■ Nor should the complaint be dismissed on the ground that plaintiff failed to plead that the alleged violations created and presented "a substantial and specific danger to the public health or safety" or constituted health care fraud. Under the circumstances of this case, the complaint adequately met the pleading requirements.

Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, with costs, and the motion by defendants Community Action and David G. Bond to dismiss the Labor Law § 740 cause of action as against them should be denied.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, RIVERA and ABDUS-SALAAM concur.

Order, insofar as appealed from, reversed, with costs, and motion by defendants Community Action for Human Services, Inc. and David G. Bond to dismiss the first cause of action as against them denied.