Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 3, 2014, which, to the extent appealed from, denied defendants’ motion to dismiss the Labor Law § 196-d cause of action, unanimously affirmed, with costs.
Plaintiff alleges that defendants imposed a mandatory charge on all contracts for catered events and provided customers with documents “conveying]” those charges without disclaiming that they were gratuities, and that defendants’ customers believed that the mandatory charges were to be paid to the service staff as a gratuity. Construing the complaint liberally and accepting the allegations as true, we find that the complaint adequately alleges that defendants “represented or allowed their customers to believe that the charges were in fact gratuities for their employees,” in violation of Labor Law § 196-d (Samiento v World Yacht Inc., 10 NY3d 70, 81 [2008]).
The documents submitted by defendants do not “conclusively dispose [ ]” of this claim (see Fortis Fin. Servs. v Fimat Futures USA, 290 AD2d 383, 383 [1st Dept 2002]). The majority of the invoices submitted include a 24% charge for “Benefits and Payroll Taxes,” while others provide for a “Prix Fixe,” with a notation that the Prix Fixe “includes food and labor.” A customer might reasonably conclude that some portion of these charges was meant to be paid to the service staff as a gratuity.
We have considered defendants’ remaining contentions and find them unavailing.
Concur — Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.