■ Leonie Fough, Appellant, v August Aichhorn Center for Adolescent Residential Care, Inc., et al., Respondents. [30 NYS3d 677]—

In an action, inter alia, to recover damages for retaliatory personnel action in violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 23, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied her cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied, and the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint is granted.

In July 2013, the plaintiff, a registered nurse, allegedly was discharged from her position as Head of Nursing at the

Brooklyn facility of the defendant August Aichhorn Center for Adolescent Residential Care, Inc. (hereinafter AAC). She commenced this action about three months later against AAC, its owner, and various other individuals, asserting a cause of action alleging unlawful termination in violation of Labor Law § 740. The defendants moved, pre-answer, to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to amend the complaint, inter alia, by adding a cause of action alleging a violation of Labor Law § 741. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

Labor Law § 740 creates a cause of action in favor of an employee who has suffered a "retaliatory personnel action" as a consequence of, inter alia, "disclos[ing], or threaten[ing] to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety," or as a consequence of "object[ing] to, or refus[ing] to participate in any such activity, policy or practice in violation of a law, rule or regulation" (Labor Law § 740 [2] [a], [c]; *see Minogue v Good Samaritan Hosp.*, 100 AD3d 64, 69 [2012], citing *Lamagna v New York State Assn. for Help of Retarded Children*, 158 AD2d 588, 589 [1990]; *Pipia v Nassau County*, 34 AD3d 664, 665 [2006]; *Mazzacone v Corlies Assoc.*, 21 AD3d 1066, 1066-1067 [2005]).

In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]). Here, evaluating the complaint under that standard, we find that it stated a cause of action under Labor Law § 740. The complaint alleged, among other things, that the plaintiff was offered a promotion at AAC's Brooklyn facility. The complaint also alleged that the terms of the promotion would have placed the plaintiff under the supervision of the defendant Tonya Parker, who was not among the class of persons authorized by law or regulation to supervise a registered nurse in clinical activities. The complaint also alleged that the plaintiff pointed out that Parker was not authorized to supervise her, but the terms of the promotion

were not changed. The complaint further alleged that after the plaintiff declined to accept the promotion, she was discharged from her position as Head of Nursing, and another nurse was given the position that plaintiff had turned down, under Parker's supervision. The complaint sufficiently alleged activities covered by Labor Law § 740 (*see Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 453-454 [2014]), including that supervision of a nurse in clinical activities by an unauthorized person would, under the circumstances alleged, cause a substantial and specific danger to public health (*see id.* at 454). The defendants' remaining contentions with respect to their motion to dismiss are without merit. Accordingly, the Supreme Court erred in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The Supreme Court also should have granted the plaintiff's cross motion for leave to amend the complaint pursuant to CPLR 3025 (b). The Legislature has provided that parties may amend pleadings with leave of the court, and that such "[l]eave shall be freely given" (CPLR 3025 [b]). Courts have interpreted that provision to mean that, in the absence of prejudice or surprise to the opposing party "resulting directly from the delay in seeking leave," courts should grant leave to amend "unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222, 227 [2008]). Here, the plaintiff sought leave to amend her complaint before the defendants served their answer, and her proposed cause of action alleging a violation of Labor Law § 741 is neither palpably insufficient nor patently devoid of merit (*see id.* at 227). Accordingly, the court should have granted the plaintiff's cross motion. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.