Lawlor v Wymbs, Inc. (2023 NY Slip Op 00060)

Lawlor v Wymbs, Inc.

2023 NY Slip Op 00060

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 803474/21E Appeal No. 17045 Case No. 2022-02398 

[*1]Sean Lawlor, Plaintiff-Respondent,
v
Wymbs, Inc., Defendant-Appellant.

Bee Ready Fishbein Hatter & Donovan, LLP, Mineola (Deanna D. Panico of counsel), for appellant.
Bergstein and Ullrich, New Paltz (Stephen Bergstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 26, 2022, which denied defendant's CPLR 3211(a)(7) motion to dismiss plaintiff's complaint for retaliatory discharge under New York Labor Law § 740, unanimously affirmed, with costs.
Affording the complaint a liberal construction and giving plaintiff's allegations every favorable inference, the allegations that plaintiff was terminated after complaining in June 2020 about his employer's practice of permitting a nonemployee to enter the workplace without wearing a mask or socially distancing support plaintiff's claim that defendant "violated various laws, rules or regulations" targeting COVID-19 safety precautions in the workplace, including Executive Order 202.8 and related executive action (Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453-454 [2014]). The complaint "need not plead an actual violation of laws or regulations" to survive a motion to dismiss (Demir v Sandoz Inc., 155 AD3d 464, 465 [1st Dept 2017]).
Plaintiff also adequately pleads that defendant's conduct created "a substantial and specific danger to the public health or safety" (Labor Law § 740[2][a]). It is hardly "mere speculation" (Villarin v Rabbi Haskel Lookstein School, 96 AD3d 1, 7 [1st Dept 2012]) that, early in the COVID-19 pandemic and before vaccines were available, permitting indoor congregation without masks and without practicing social distancing would have exposed defendant's employees (as well as their families and anyone else with whom they came in contact) to infection by a highly contagious and deadly virus (see Arazi v Cohen Bros. Realty Corp., 2022 WL 912940, *13, 2022 US Dist LEXIS 56549, *36-37 [SD NY, March 28, 2022, No. 1:20-CV-8837 (GHW)].
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023