Church of Jesus Christ of Latter-Day Sts. v Xiu Jian Sun (2023 NY Slip Op 00407)

Church of Jesus Christ of Latter-Day Sts. v Xiu Jian Sun

2023 NY Slip Op 00407

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04791
 (Index No. 1114/19)

[*1]Church of Jesus Christ of Latter-Day Saints, Servant:
v
Xiu Jian Sun, etc., appellant, Long Island Jewish Medical Center, et al., respondents.

Xiu Jian Sun, suing herein as Church of Jesus Christ of Latter-Day Saints, Servant: Xiu Jian Sun, Flushing, NY, appellant pro se.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City, NY (Adonaid C. Medina of counsel), for respondent Randy M. Pellew.

DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated March 3, 2020. The order granted the motion of the defendant Randy M. Pellew pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Long Island Jewish Medical Center.
ORDERED that the appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendant Long Island Jewish Medical Center is dismissed, as no appeal lies as of right from a portion of an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Randy M. Pellew.
"'In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Xiu Jian Sun v Lam, 143 AD3d 891, 892, quoting Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d 665, 666; see Leon v Martinez, 84 NY2d 83, 87-88).
In this case, the complaint does not set forth any legal theory, nor does it allege any facts in support of a legal theory against the defendant Randy M. Pellew (see CPLR 3013, 3014; Xiu Jian Sun v Lam, 143 AD3d at 892; Xiu Jian Sun v Dick Bailey Serv., Inc., 143 AD3d 891, 891). Accordingly, the Supreme Court properly granted Pellew's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court