Zheng v Centers Urgent Care Mgt., LLC (2024 NY Slip Op 03395)

Zheng v Centers Urgent Care Mgt., LLC

2024 NY Slip Op 03395

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Gesmer, Rosado, JJ. 

Index No. 153567/22 Appeal No. 2390 Case No. 2023-02278 

[*1]Jamie Zheng, Plaintiff-Appellant-Respondent,
v
Centers Urgent Care Management, LLC, et al., Defendants-Respondents-Appellants.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for appellant-respondent.
Jackson Lewis P.C., New York (Diane Windholz of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about March 24, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claim for intentional infliction of emotional distress, and denied defendants' motion as to the Labor Law § 740 claim, unanimously affirmed, without costs.
As to the Labor Law § 740 claim based on retaliation against plaintiff for expressing concern that defendants were intentionally overdiluting doses of the COVID-19 vaccine, plaintiff sufficiently alleged "particular activities, policies or practices in which the employer allegedly engaged" (Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453 [2014]), and that he complained of a potential "substantial and specific danger to the public health or safety" (Labor Law § 740[2][a]). Plaintiff alleges that CDC guidance, an online training course, and printed materials from Pfizer state that the proper amount of dilutant is 1.8 mL per vial, but that he was trained and instructed by defendant Centers Urgent Care Management, LLC to utilize 1.9 mL of dilutant per vial. He further alleges that he voiced his concerns about over-dilution of the vials to his supervisor on or about April 25, 2021, and emailed her again regarding the issue on or about May 20, 2021. Contrary to defendants' contention, plaintiff is not required to identify the specific law, rule or regulation allegedly violated at the pleading stage (see Webb-Weber, 23 NY3d at 453).
The documentary evidence submitted by defendants in support of their motion does not warrant dismissal because it does not "utterly refute" plaintiff's factual allegations (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Defendants submitted CDC guidance that a dose from a vial with greater than 1.8 mL dilution is "in error," which is consistent with plaintiff's allegations. Pursuant to the guidance relied upon by defendants, isolated instances of over-diluted vials may not create a substantial and specific public health danger. However, here, plaintiff asserts that there was a systemic and intentional process of over-dilution to create additional doses and that he was instructed to misrepresent that over-dilution to anyone who inquired about it.
As to the claim for intentional infliction of emotional distress, plaintiff has failed to allege all elements of that claim: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Although the complaint alleges that defendants engaged in extreme and outrageous conduct, plaintiff fails to adequately plead that defendants acted with the intent or disregard necessary to support his claim (see Geller v Harris, 258 AD2d 421, 421 [1st Dept 1999]; Herlihy v Metropolitan [*2]Museum of Art, 214 AD2d 250, 262-263 [1st Dept 1995]).
Furthermore, plaintiff's allegations regarding defendants' intentions and plaintiff's injuries state little more than bare legal conclusions and are not sufficiently particularized to demonstrate the required causal connection (see Myers v Schneiderman, 30 NY3d 1, 11 [2017]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141—142 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024