Gruessner v State of New York (2024 NY Slip Op 05600)

Gruessner v State of New York

2024 NY Slip Op 05600

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-08760

[*1]Rainer W.G. Gruessner, respondent,
v
State of New York, appellant. (Claim No. 135418)

Abrams Fensterman, LLP, White Plains, NY (Daniel S. Alter, Justin Kelton, and Lisa Colosi Florio of counsel), for appellant.
McLaughlin & Stern, LLP, New York, NY (Steven J. Hyman, Jonathan R. Jeremias, and Oliver R. Chernin of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for violations of Labor Law §§ 740 and 741, the defendant appeals from an order of the Court of Claims (Jeanette Rodriguez-Morick, J.), dated July 25, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is affirmed, with costs.
In 2017, the claimant was appointed to the medical staff of SUNY Downstate Medical Center (hereinafter the hospital) and served as the chief of the department of surgery and the chief of the transplant division. The claimant alleged that at various times throughout his tenure, he complained to the hospital administration about deficiencies in administrative and clinical practices and procedures at the hospital. For example, the claimant alleged that he complained about critical understaffing, which resulted in, among other things, an alleged failure to provide around-the-clock care for cardiothoracic and pediatric surgery patients, leading to negative patient outcomes. The claimant also allegedly complained that transplant patient deaths or graft losses caused by underimmunosuppression had been incorrectly reported and that the hospital did not participate in a national database to improve patient outcomes. The claimant further alleged that as a result of the identified deficiencies, the hospital was investigated by governmental agencies, including the New York State Department of Health, and certain mandates and recommendations were made by those entities.
In August 2019, the claimant was discharged from his position as the chief of the department of surgery and in September 2019, he was discharged from his position as the chief of the hospital's transplant division. Subsequently, the claimant was denied reappointment to the hospital's medical staff.
The claimant asserted a claim, inter alia, to recover damages for violations of Labor Law §§ 740 and 741. The defendant moved pursuant to CPLR 3211(a) to dismiss the claim on the ground, among others, that the claim failed to state a cause of action (see CPLR 3211[a][7]). By order dated July 25, 2022, the Court of Claims denied the defendant's motion. The defendant [*2]appeals.
"Labor Law § 740 creates a cause of action in favor of an employee who has suffered a 'retaliatory personnel action' as a consequence of"—at the time this claim was commenced—"'disclos[ing], or threaten[ing] to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety,'" among other things (Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d 665, 666, quoting former Labor Law § 740[2][a]). While Labor Law § 740 has since been amended (see L 2021, c 522, § 1, as amended), the claimant does not seek retroactive application of the amendments, and such application would not change the outcome of this appeal; thus, we apply the former version of Labor Law § 740. "[F]or pleading purposes, the complaint need not specify the actual law, rule or regulation violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453).
"Labor Law § 741(2) prohibits an employer from taking retaliatory action against an employee because the employee objects to 'any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care'" (Hutchison v Kings County Hosp. Ctr., 139 AD3d 673, 676, quoting Labor Law § 741[2][b]). "'Improper quality of patient care' means, with respect to patient care, any practice, procedure, action or failure to act of an employer which violates any law, rule, [or] regulation . . .where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient" (Labor Law § 741[1][d]).
Here, "accept[ing] the facts as alleged in the complaint as true" and "accord[ing] [the claimant] the benefit of every possible favorable inference" (Leon v Martinez, 84 NY2d 83, 87), as we must on a motion pursuant to CPLR 3211(a)(7), the claimant stated cognizable claims pursuant to Labor Law §§ 740 and 741. The claimant identified particular activities, policies, or practices of the hospital, which he alleged were in violation of laws, rules, or regulations, and were actually investigated and acted upon by governmental agencies, and which, he further alleged, threatened to, and did, negatively affect the health and safety of the hospital's patients (see Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d at 453-454; Hutchison v Kings County Hosp. Ctr., 139 AD3d at 676; Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d at 667; Carillo v Stony Brook Univ., 119 AD3d 508, 509). Furthermore, contrary to the defendant's contention, the claimant sufficiently alleged, at this stage of the proceeding, that his discharge from his positions as the chief of the department of surgery and the transplant division and then denial of reappointment to the hospital's medical staff were causally related to his continued complaints regarding the hospital's practices and procedures, including complaints made at meetings with senior administrators the month before his termination as the chief of the department of surgery.
Accordingly, the Court of Claims properly denied dismissal of the claim pursuant to CPLR 3211(a)(7).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court