Toribio v Feldor Billiards Inc. (2025 NY Slip Op 03266)

Toribio v Feldor Billiards Inc.

2025 NY Slip Op 03266

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 153384/14|Appeal No. 4485|Case No. 2023-02377|

[*1]Vincente Toribio, et al., Plaintiffs-Respondents,
v
Feldor Billiards Inc. Doing Business as FatCat Billiards, et al., Defendants, Noah Sapir Formerly Known as, Noah Lesser, Defendant-Appellant.

J. Pace Law, PLLC, New York (Joseph Pace of counsel), for appellant.
Kraus & Zuchlewski LLP, Great Neck (Robert D. Kraus of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered March 15, 2023, awarding damages to plaintiffs, and bringing up for review a decision after trial, same court and Justice, entered December 15, 2022, which determined that plaintiffs were entitled to all damages sought for defendant Noah Sapir's violations of Labor Law § 196-d, unanimously affirmed, with costs.
The award of compensatory damages and statutorily authorized liquidated damages against defendant Noah Sapir was based on a fair interpretation of the evidence (see Lehman Bros. Intl. [Europe] v AG Fin. Prods., Inc., 225 AD3d 474, 475 [1st Dept 2024]). The trial court found that plaintiffs and their expert witness testified credibly to the amount in tips that Sapir had improperly retained during their employment (see Labor Law § 196-d; Maor v Glorious Food Inc., 129 AD3d 582 [1st Dept 2015]). This evidence was largely unrebutted by Sapir, who failed to provide any evidence to support his claim for an offset of retained tips through the higher wages he paid to plaintiffs.
Defendants were obligated to maintain records documenting the tips collected by employees for a period of six years under 12 NYCRR 146-2.17, but they failed to do so. Moreover, Sapir's construction of Labor Law § 196-d as permitting employers to retain tips as long as they pay an arbitrary higher wage would vitiate the statute itself and undermine the Labor Law's goal of deterring employers from violating wage payment laws (see Vega v CM and Assoc. Constr. Mgt., LLC, 175 AD3d 1144, 1145 [1st Dept 2019]).
Sapir's arguments with respect to General Obligations Law § 15-108 were never raised below, and thus, unpreserved for review (see Kleinberg v 516 West 19th LLC, 121 AD3d 459, 460 [1st Dept 2014]). In any event, plaintiffs' action does not involve a tort (see e.g. Bauman v Garfinkle, 235 AD2d 245 [1st Dept 1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025