**Cueto v Jura Pentium Inc.**

2025 NY Slip Op 32096(U)

June 13, 2025

Supreme Court, New York County

Docket Number: Index No. 156780/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. PAUL A. GOETZ**                    PART                    47

*Justice*

-------------------------------------------------------------------------------X

NICOLE CUETO

                          Plaintiff,

              - v -

JURA PENTIUM INC.,

                         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156780/2024 |
| MOTION DATE | 02/25/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 31

were read on this motion to/for                     DISMISSAL              .

In this whistleblower retaliation action, plaintiff Nicole Cueto, alleges that she was unlawfully terminated in an act of retaliation, after she voiced health concerns about her manager who plaintiff alleges was visibly ill and working in close quarters with her and fellow employees. Plaintiff asserts one cause of action against defendant for a violation of NY Labor Law § 740. Defendant moves to dismiss pre-answer, pursuant to CPLR § 3211(a)(7) arguing that plaintiff fails to state a cause of action.

## BACKGROUND

Plaintiff was hired by Jura Pentium Inc. ("Jura" or "defendant") in August of 2023 (NYSCEF Doc No 14 at ¶ 7). Plaintiff alleges that during her first months at the job she received mostly positive feedback from Jura co-founders Hany Rashwan and Ophelia Snyder, and her direct manager Maggie Ng (*id*. at ¶ 11 – 22). After expressing concern with the relationships between Jura and several external firms and stakeholders, plaintiff alleges that Rashwan and Snyder communicated a desire for employee transparency and encouraged plaintiff to contribute to this transparency effort to help improve company morale (*id*. at ¶ 23 – 24). In December 2023,

[* 1]

Ng was asked to take a month off of work as she was overworked, overwhelmed, and frequently sick, which was negatively influencing her performance (*id*. at ¶ 25).

In January of 2024, plaintiff alleges, that upon Ng's return to work, she was visibly displaying symptoms, including persistent coughing that suggested a potential contagious condition (*id*. at ¶ 27) On January 11, 2024, plaintiff raised concerns about the risk Ng was posing to herself and other employees as she continued to work in close quarters without wearing a mask (*id*.). Plaintiff reported her concerns to Jura Senior Vice President, Garrison Gibbons, who asked Ng to work from home for the rest of the day (NYSCEF Doc No 14 at ¶ 32 – 33). Plaintiff alleges that following this encounter, Ng began to act more distant and hostile towards her, undermining her ability to perform her job effectively (*id*. at 37). On January 26, 2024, plaintiff was terminated from her position (*id*. at ¶ 40).

## **DISCUSSION**

*Failure to State a Claim*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). However, claims consisting of bare legal conclusions, absent any factual specificity should not survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

**156780/2024   CUETO, NICOLE vs. JURA PENTIUM INC.,**
  **Motion No.  002**

**Page 2 of 8**

2 of 8

*Labor Law § 740*

Labor Law § 740 provides that:

> An employer shall not take any retaliatory action against an employee, whether or not within the scope of the employee's job duties, because such employee does any of the following … (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety

Defendant argues that plaintiff fails to state a cause of action because she cannot establish that she had a "reasonable belief" that defendants violated a "law, rule or regulation" or that defendant's action "poses a substantial and specific danger to the public health or safety." Plaintiff argues that she adequately pleads a cause of action under Labor Law § 740 because she reasonably believed that allowing a visibly sick, and possibly contagious employee to continue to come in to work posed a danger to the health of employees, as well as a danger to the "public health."

The parties dispute the legislative intent behind a 2021 amendment of Labor Law § 740. Prior to the amendment the statute provided that an employer could not take an adverse action against an employee if the employee "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety" (Labor Law § 740; effective December 20, 2019 to January 25, 2022). However, the updated version allows for liability when an employee acts upon a "reasonable belief" that an employer action violates a law, rule, or regulation, or upon a "reasonable belief" that an employee action poses a substantial risk to public health (Labor Law § 740; effective January 26, 2022).

**156780/2024   CUETO, NICOLE vs. JURA PENTIUM INC.,**
**Motion No.  002**

**Page 3 of 8**

3 of 8

[* 3]

The legislative materials preceding enactment of the bill indicate that the legislature had two primary purposes for the amendment. First, the bill jacket indicates that prior to amendment, "an employee reporting any myriad of illegal activities that do not directly affect public health or safety, from sexual harassment to tax evasion, may be at risk for being retaliated against by their employer with no protection in law" (2021 New York Senate Bill No. 4394, New York Two Hundred Forty-Fourth Legislative Session). Thus, the legislature intended to expand the protections of the whistleblower law to include activities that do not directly affect "public health." Indeed, prior to the amendment, Labor Law § 740 actions were routinely dismissed when the violations complained of did not create a specific danger to public health (*see Starikov v Ceva Frgt., LLC*, 153 AD3d 1377 [2d Dept 2017] [dismissing Labor Law § 740 claim when the alleged retaliation stemmed from an employee's complaints about alleged violations of federal law and regulations related to conducting a customs business which did not affect public health"]).

Second, the bill jacket also notes that prior to amendment, "courts have held that for private employees, Labor Law 740 requires proof of an actual violation of law in order to sustain a cause of action" (2021 New York Senate Bill No. 4394, New York Two Hundred Forty-Fourth Legislative Session). As with the previous amendment, this was in response to courts dismissing Labor Law § 740 actions when a plaintiff was unable to prove that an actual violation of law occurred, despite a reasonable belief it had occurred (*see Webb-Weber v Community Action for Human Services, Inc.*, 23 NY3d 448, 452 [2014] ["[I]n order to recover under a Labor Law § 740 theory, the plaintiff has the burden of proving that an actual violation occurred, as opposed to merely establishing that the plaintiff possessed a reasonable belief that a violation occurred"]).

**156780/2024   CUETO, NICOLE vs. JURA PENTIUM INC.,**
**Motion No.  002**

**Page 4 of 8**

4 of 8

The amended statute maintains the "danger to public health" language and adds the operative word "or" to differentiate the two theories of liability. An employee may maintain a cause of action against an employer who retaliates against them for "whistleblowing" if: (1) they reasonably believe the employer practice violated a law, rule, or regulation, OR if (2) they reasonably believe the employer practice poses a "substantial and specific danger to public health or safety"[1].

### i. *Violation of Law, Rule, or Regulation*

"[F]or pleading purposes, [a plaintiff's] complaint need not specify the actual law, rule or regulation [they reasonably believe to be] violated, although it must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct" (*Webb-Weber*, 23 NY3d at 451). Here, plaintiff alleges in her amended complaint that she believed that Ng's presence at work, despite being visibly ill, violated the company's health practices (NYSCEF Doc No 28 ¶ 35). Plaintiff further argues in her memorandum of law, that she believed that Ng's presence at work also violated public health guidelines enacted in response to the COVID-19 pandemic.

Labor Law § 740 defines "Law, rule or regulation" as "(i) any duly enacted federal, state or local statute or ordinance or executive order; (ii) any rule or regulation promulgated pursuant to such statute or ordinance or executive order; or (iii) any judicial or administrative decision, ruling or order." Therefore, retaliation predicated upon complaints about violations of internal

---

[1] There are no New York state law decisions analyzing the amended statute but several federal trial court decisions have addressed it (*see McSweeney v Cohen*, 24-CV-01503 (LJL), 2025 WL 966022, at *43 [SDNY Mar. 31, 2025] ["Under the new iteration of the whistleblower law, the provisions of Section 740 are disjunctive: "a plaintiff need only prove either (1) that they reasonably believed the defendant's conduct to violate a law, rule or regulation *or* (2) that they reasonably believed the defendant's conduct posed a substantial and specific danger to the public health or safety."]).

**156780/2024   CUETO, NICOLE vs. JURA PENTIUM INC.,**                    **Page 5 of 8**
  Motion No.  002

5 of 8

company policies cannot support a Labor Law § 740 claim (*see Clendenin v VOA of Am. - Greater New York Inc.*, 214 AD3d 496 [1st Dept 2023] [assertion that defendants violated employee handbook insufficient to support § 740 claim]).

As for plaintiff's reasonable belief that the company policy allowing Ng to work in person, violated COVID-19 protocols, she cites to *Arazi v Cohen Bros. Realty Corp.*, wherein the Southern District denied a motion to dismiss because plaintiffs alleged they were retaliated against for reporting that their company was not following COVID-19 lockdown protocols in the early weeks of the pandemic (2022 US Dist LEXIS 56549 [SDNY Mar. 28, 2022, No. 1:20-cv-8837-GHW]). Specifically in *Arazi*, the defendant-company indicated it would remain open despite Governor Andrew Cuomo's executive order temporarily closing all non-essential businesses (*id.*; *see also* Executive Order 202.6, 202.7 and 202.8 [issued on March 20, 2020]).

However, the events as alleged in the complaint took place in late 2023 to early 2024, while the events in *Arazi* took place at the onset of the pandemic. The difference in time is significant because the Executive Orders issued at the onset of the pandemic, which among other directives ordered non-essential businesses to limit their work force, had expired by an Executive Order issued on June 25, 2021 (Executive Order 210) and while it may have been reasonable[2] for a person to believe that a company was violating the law in April of 2020 by remaining open despite the prominent executive orders, in 2024 it stretches credulity to believe that plaintiff reasonably believed that defendant was violating a law by not sending a symptomatic employee home. Further, while plaintiff notes that there are prominent health guidelines encouraging companies to institute policies to send home symptomatic employees, these guidelines do not meet the statutory definition of a "law, rule or regulation" in Labor Law § 740 and plaintiff can

---

[2] To note, the court in *Azari* was applying the pre-amendment version of Labor Law § 740, requiring an actual violation rather than merely a reasonable belief of a violation.

**156780/2024  CUETO, NICOLE vs. JURA PENTIUM INC.,**
**Motion No.  002**

**Page 6 of 8**

not rely on them in asserting her claim. Regardless of whether requiring a sick employee to work from home or wear a mask is sensible policy, plaintiff cannot credibly allege that she believed an actual law was being violated and cannot maintain a § 740 action based on this theory

### ii. Threat to Public Health or Safety

Defendant argues that plaintiff's claim must fail because her allegations do not rise to the level of a substantial and specific danger to public health or safety. Plaintiff argues that defendant's policy to allow symptomatic employees to continue to work in close quarters poses a threat to not only the employees in the office, but also to the general public as employees may unknowingly spread the illness to others.

"[A]ny claim that an alleged wrongdoing would create a substantial and specific danger to the public health or safety must be based on more than mere speculation" (*Villarin v Rabbi Haskel Lookstein School*, 96 AD3d 1, 7 [1st Dept 2012]) "The public danger component has generally been narrowly construed to apply to the public at large." (*Ramirez v Tifaret Discount, Inc.*, 2023 US Dist LEXIS 174184, at \*27 [SDNY Sep. 28, 2023, No. 22-CV-10489 (KMK)]; *see also Sakthivel v Industrious Staffing Co., LLC*, 212 AD3d 419 [1st Dept 2023] [an assault by co-worker does not present a substantial and specific danger to the public health or safety]). Further, Labor Law § 740 "envisions a certain quantum of dangerous activity before its remedies are implicated" (*Cotrone v Consol. Edison Co. of New York, Inc.*, 50 AD3d 354, 355 [1st Dept 2008]).

In, *Lawlor v Wymbs, Inc.*, the First Department held that a plaintiff sufficiently plead a § 740 violation upon allegations that an "employer's practice of permitting a nonemployee to enter the workplace without wearing a mask or socially distancing … created a substantial and specific danger to the public health or safety." (212 AD3d 442 [1st Dept 2023]). However, as in *Arazi*,

**156780/2024 CUETO, NICOLE vs. JURA PENTIUM INC.,**
**Motion No. 002**

**Page 7 of 8**

*Lawlor* is distinguishable based upon the timing of the events, with the Court noting that since the events happened early in the pandemic, the conduct created a "substantial and specific danger to public health" (*id.*).[3]

Here, the alleged "danger to public health" is too speculative to maintain a § 740 action. There is nothing in the legislative history that suggests that the legislature intended to expand what constitutes a "threat to public health and safety." Therefore, plaintiff has failed to state a cognizable cause of action for a violation of Labor Law § 740 and the complaint must be dismissed.

Accordingly it is,

ORDERED that the motion to dismiss the complaint is granted, and the Clerk is directed to enter judgment accordingly with costs and disbursements to defendant as taxed by the Clerk.

20250613150530PGOETZE431A10EBEA74870AC050AC9C9877875

| 6/13/2025 | PAUL A. GOETZ, J.S.C. |
|-----------|------------------------|
| DATE      |                        |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|-----------------------|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[3] "It is hardly 'mere speculation' that, early in the COVID–19 pandemic and before vaccines were available, permitting indoor congregation without masks and without practicing social distancing would have exposed defendant's employees (as well as their families and anyone else with whom they came in contact) to infection by a highly contagious and deadly virus" (*Lawlor*; 212 AD3d at 443).

**156780/2024   CUETO, NICOLE vs. JURA PENTIUM INC.,**
**Motion No.  002**

**Page 8 of 8**

8 of 8

[* 8]