**Voytas v 976 Madison Rest. LLC**

2026 NY Slip Op 30777(U)

March 3, 2026

Supreme Court, New York County

Docket Number: Index No. 654632/2023

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PHAEDRA F. PERRY-BOND**          PART                          35

*Justice*

-------------------------------------------------------------------X

GABRIEL VOYTAS, Individually and On Behalf of All others
Similarly Situated,

|  |  |
|---|---|
| INDEX NO. | 654632/2023 |
| MOTION DATE | 02/01/2024 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

976 MADISON RESTAURANT LLC,D/B/A KAPPO MASA,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for _____ DISMISS _____ .

Upon the foregoing documents, Defendant's motion to dismiss Plaintiff's Amended Complaint is denied.

## I.      Background

As alleged in the Amended Complaint, from March 1, 2018 until June 1, 2023, Kappo Masa (the "Restaurant"), a sushi restaurant owned and operated Defendant, employed Plaintiff as a server. Plaintiff alleges that Defendant unlawfully retained a portion Plaintiff's earned tips based on improper calculations and distribution formulas. Plaintiff further claims Defendant illegally included a service charge or administrative fee without adequately disclosing to customers that those charges are retained by Defendant and not distributed to Plaintiff or other servers.

Allegedly, in October of 2022, after Plaintiff learned he and others were being under-tipped, he complained to his manager, Kelly. Immediately after, Kelly allegedly began retaliating against Plaintiff by cursing at him for bringing up the alleged failure to pay tips and making false or unsubstantiated reports about Plaintiff's performance. Kelly also allegedly told other employees

[* 1]

she was going to "get rid of" Plaintiff. After Plaintiff, complained to human resources about the tip issue and Kelly's retaliation, a human resources employee allegedly said, "we need to get another bartender right away."[1] Plaintiff was moved from full time to part time in April of 2023, and on June 1, 2023, Plaintiff was terminated, allegedly for pretextual reasons.

Now, Plaintiff sues Defendant on behalf of himself and a proposed class for violations of New York Labor Law § 196-d. He also sues individually for an alleged violations of New York Labor Law §§ 215 and 740. In response, Defendant moves to dismiss pursuant to CPLR 3211(a)(1) and (a)(7). Defendant argues there is no violation of New York Labor Law § 196-d because all private event contracts contain a statement advising that the administrative fee and all other fees charged to the private event are not gratuities Defendant also argues the violation of Labor Law § 196-d predicated on alleged misappropriation of tips during regular dining service is pled in a conclusory fashion insufficient to withstand a motion to dismiss. Finally, Defendant argues that Plaintiff failed to allege he engaged in protected activity under Labor Law §§ 215 and 740 and that Plaintiff insufficiently alleged the element of causation regarding his retaliation claim. Plaintiff opposes and argues the allegations are sufficient to withstand a pre-answer motion to dismiss, and the documentary evidence of event contracts does not utterly refute the alleged violation of Labor Law § 196-d.

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v*

---

[1] Plaintiff claims he was a bartender.

*Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). A motion to dismiss based on documentary evidence is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]).

### B. Labor Law § 196-d

The motion to dismiss the alleged violations of Labor Law § 196-d. As provided by Labor Law § 196-d:

> "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee...."

As a preliminary matter, the affidavit of Joseph Imperato is improperly submitted by Defendant in support of its pre-answer motion to dismiss (*see Bou v Llamoza*, 173 AD3d 575, 575 [1st Dept 2019] ["employee affidavit does not constitute "documentary evidence" for purposes of a motion to dismiss"]).

Moreover, accepting the facts alleged as true, and affording Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings, Plaintiff adequately alleged tip misappropriation in violation of New York Labor Law § 196-d. Contrary to Defendant's contention, Plaintiff stated with factual specificity that in October of 2022, after examining Defendant's tip pool records for regular restaurant service, he learned all tipped employees were under-tipped by approximately 12% due to improper calculations and distribution formulas

[* 3]

utilized by Defendant. He further alleges that Defendant retained those undistributed tips for itself. For purposes of a pre-answer motion to dismiss, these alleged facts sufficiently state a Labor Law § 196-d violation. If proven true, Plaintiff's allegations would amount to an employer "accept[ing], directly or indirectly, any part of the gratuities, received by an employee" which contravenes the plain meaning of § 196-d (*see also Tamburino v Madison Square Garden, L.P.*, 115 AD3d 217, 220 [1st Dept 2014]).

The motion to dismiss the alleged violation of § 196-d predicated on the "administrative fee" charged to private events is also denied. For purposes of a pre-answer motion to dismiss, Defendant cannot rely on a self-selected sample of event contracts to "utterly refute" Plaintiff's allegations (*see, e.g. Maor v Glorious Food Inc.*, 129 AD3d 582 [1st Dept 2015] [invoices submitted by defendant on motion to dismiss did not conclusively dispose of alleged § 196-d violation]). Moreover, pursuant to 12 N.Y.C.R.R. § 146-2.19(c), adequate notification that an administrative charge is not a gratuity or tip requires:

> "a statement in the contract or agreement with the customer, **and on any menu and bill listing prices**, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests. The statements shall use ordinary language readily understood and shall appear in a font size similar to surrounding text, but no smaller than a 12-point font" (emphasis added).

Defendant did not provide any menu or other bills showing compliance with 12 N.Y.C.R.R. § 146-2.19(c), thereby failing to utterly refute Plaintiff's alleged violations of Labor Law § 196-d. Whether customers understood the administrative fee was not gratuity in violation of Labor Law § 196-d is further put at issue as multiple event contracts produced by Defendant shows the customer did not check off any gratuity to be provided or instead wrote in "all inclusive menu" (*see* NYSCEF Docs. 28 and 31-33). Therefore, Defendant's motion to dismiss Plaintiff's Labor

Law § 196-d is denied (*see also Mendez v Legends Hospitality, LLC*, 116 AD3d 416 [1st Dept 2014]).

### C. Labor Law §§ 215 and 740

The motion to dismiss the Labor Law §§ 215 and 740 claims is denied. Accepting the facts alleged as true, Plaintiff's complaints about unlawful withholding of tips in violation of Labor Law § 196-d constitutes protected activity (*see Neu v Amelia U.S. LLC*, 226 AD3d 515, 516 [1st Dept 2024] *Lawlor v Wymbs, Inc.*, 212 AD3d 442, 443 [1st Dept 2023]).

Moreover, causation and retaliation are sufficiently alleged. Accepting the facts as true, Plaintiff alleges he experienced immediate retaliation from "Kelly", the manager Plaintiff who complained to, which specifically consisted of cursing, fabricated reports of Plaintiff's misconduct, telling others it was her goal to "get rid of" Plaintiff, shifting Plaintiff from full time to part time, human resources telling employees they needed to find a new bartender, and ultimately terminating Plaintiff. All these acts took place within one year of Plaintiff complaining, which is sufficient to allege a causal nexus under Labor Law §§ 215 and 740 (*see, e.g. Zheng v Centers Urgent Care Management, LLC*, 228 AD3d 548, 548-549 [1st Dept 2024]). Therefore, the motion to dismiss the Labor Law §§215 and 740 claims is denied (*see also Schmidt-Sarosi v Offices for Fertility and Reproductive Medicine, P.C.*, 195 AD3d 479, 479-481 [1st Dept 2021]).

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiff's Amended Complaint is denied in its entirety, and twenty days of entry of this Decision and Order, Defendant shall serve an Answer to Plaintiff's Amended Complaint; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order, but in no event shall the proposed preliminary conference order be

submitted any later than April 7, 2026. If the parties have a serious discovery dispute that requires

Court intervention, they shall notify the Court so an in-person conference can be scheduled; and it

is further

ORDERED that if the parties wish to engage in mediation privately or through the Court's

sponsored ADR program, they shall advise the Court; accordingly, and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_3/3/26_
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | x DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |